JUNE TERM,
1853.

Whiting
vs.
Gould and
Hawkins.
this court, it is to be hoped, it will meet and dispose of it in full view of its obligations and duties, to all the interests and principles which it involves.

The motion is denied.

---

## EBENEZER G. WHITING,

*vs.*

## EDWIN GOULD and JAMES R. HAWKINS.

The party entitled to recover costs, as for "solicitor's" fees, is determined by the final result of the suit.

Whatever may have been the proceedings, or adjudications, the matter of solicitor's fees remain in abeyance until the final result, and *is* determined thereby in favor of the party in whose favor the final decree is pronounced.

Interlocutory costs, so far as relates to solicitor's fees, must follow the final adjudication, and may be taxed by items, in favor of the prevailing party, to the maximum prescribed by the statute.

*By the Court*, SMITH, J. This is a motion for the retaxation of costs, on a previous motion heretofore made and decided in this court, at the present term, by the defendants, appellants, to suppress certain testimony taken in the cause previous to its hearing in the court below. The motion last mentioned, after argument, was overruled at the costs of the defendants making the same.

The costs of the last mentioned motion were taxed by the clerk on due notice, and the defendants being dissatisfied with such taxation, now move to have the same retaxed by the court.

In the bill, as taxed by the clerk, is contained

$17.46, as solicitor's fees, on the motion to suppress. To this the defendant's object, and ask the opinion of the court thereon.

Section 34, of chapter 131, of the Revised Statutes, prescribes the "fees to be allowed the party recovering judgment in chancery, in case a solicitor shall have been employed." After mentioning the several items of service for which fees may be taxed, and fixing the amount for each, the section concludes with the following proviso : " Provided that the costs in each case shall not exceed twenty dollars."

The phrase " *each case*" must ·be held to mean each cause in chancery, and the party entitled to recover, is determined by the result of the suit. The "*judgment*" mentioned in the statute must necessarily mean the final decree. Whatever, therefore, may have been the proceedings, or adjudications, during the progress of the suit, from its commencement to its close, the question of solicitor's fees remains in abeyance, until the final result, and is determined thereby, in favor of the party in whose favor the final decree may be pronounced.

Therefore, interlocutory costs, so far as relates to solicitor's fees, must follow the final adjudication, and may be taxed, by items, by the ultimately prevailing party, to the maximum prescribed by the statute.

The fees taxed by the clerk, as solicitor's fees for the complainant, upon the motion to suppress, must therefore be stricken out.